No. 179.—THE STATE *v.* JAMES GIBSON

A bond conditioned for the appearance of a party charged "with having committed the crime of shooting at with intent to kill," without further terms of description or words to render the sense more definite, is void and without effect.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *W. W. Farmer*, District Attorney, for the State, appellant. *Kidd & Smith*, for defendant and appellee.

TALIAFERRO, J. The defendant being indicted for shooting Henry Boston, with the intent " to kill and murder the said Henry Boston," was arrested and gave bond, with one J. D. Anderson as surety for his appearance in the proper court at the proper time to answer the charge. Failing, however, to appear, a forfeiture of the bond was declared. The surety moved to set aside the judgment of forfeiture, assigning various reasons therefor, one only of which we deem it important to examine, viz.: that the bond sets forth no crime known

to the law for which the defendant Gibson was to appear and answer. Judgment was rendered in favor of the defendant Anderson and the State appealed. The bond sets forth its condition to be that, whereas a warrant having issued from the Fourteenth District Court on the —— day of ——, 1870, "charging the above bound with having committed the crime of shooting at with intent to kill," and whereas the above bound James Gibson has been arrested, etc. Now if the said Gibson shall well and truly appear, etc., the bond to be null, otherwise to remain in full force and virtue.

We think the judgment of the lower court correct. The words "shooting at with intent to kill" are vague, indefinite, and alone define no crime known to the law. The bond can not, in our judgment, be construed as an obligation of the accused and his surety that Gibson shall appear and answer the charge against him contained in the indictment. The surety Anderson was therefore properly released

Judgment affirmed.